**Ralph Noah SOLOMON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 711.**

Supreme Court of Alaska.

Nov. 28, 1966.

Barry Jackson, Fairbanks, for appellant. No appearance for appellee.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant's court appointed appeal counsel has advised the court that he has reviewed the files and finds no basis for an appeal on the two grounds urged by appellant and that he has been unable to discover any ground for appeal on his own initiative.

The matter is before us for a determination as to whether additional counsel should be appointed for the purpose of prosecuting an appeal.

The facts are that in a two count indictment returned on September 1, 1965, appellant was charged with forgery and attempting to pass a forged check. He was represented at the trial by Barry Jackson, Esq. who was appointed by the court.

A jury acquitted appellant on the forgery count, but convicted him on the count charging attempt to pass a forged check. Appellant filed his notice of appeal. Although

---

the filing of appellant's notice of appeal was not timely, this court denied the state's motion to dismiss, granted appellant's request to appeal in forma pauperis and appointed Barry Jackson, Esq. to represent him.

By letter dated June 23, 1966, Mr. Jackson advised this court as follows:

I have reviewed the files in the above case. I find no basis for an appeal on the two grounds cited by the defendant in his notice of appeal, and I have been unable to discover any other ground for appeal. It may be that some other attorney could find points which could be raised on appeal. Since I tried the case, I may be too close to it.

· The only regret I had in trying the case was our failure to obtain answers to the last two questions in the Order for Mental Examination which was secured on our motion. These questions related to (a) a more liberal view of insanity as a defense to criminal acts than is now law in the State of Alaska, and (b) an opinion which might be of assistance in determining sentence. The other questions in the Order for Mental Examination, including the questions on mental competency under Alaska law, were answered by the psychiatrist at A.P.I. to whom the matter was referred.

It does not appear to me that the foregoing constitute sufficient grounds for an appeal. For the foregoing reasons, I have decided not to file designation of record and statement of points in order to allow the Supreme Court to determine whether another attorney should be appointed.

The two grounds for appeal urged by appellant were: (1) that the trial court erred in sustaining a conviction which was based on the uncorroborated identification of one witness and (2) that the instrument was not proved to be forged.

█ This court has reviewed the transcript of the testimony heard at the trial.

The identification of appellant by the witness Thomas Jensen was straightforward and positive and presented a question for determination by the jury. There is no legal requirement that the identification be corroborated.

█ The testimony of some seven witnesses was heard in connection with the identity of the makers of the two checks admitted into evidence. The question of whether or not the alleged makers were fictitious and the checks forged was likewise a question for the jury to determine. There were no objections to the court's instructions.

█ This court has reviewed the record and has found no reversible error. The Clerk will advise Mr. Jackson that he has been relieved of further responsibility. Additional counsel will not be appointed. The judgment and commitment are affirmed.[1]

---

1. Selman v. State, 409 P.2d 602 (Alaska 1966).